**Karen CONDIT and Mary E. Oravec, Appellants,**

v.

**UNITED AIR LINES, INC., Appellee.**

**No. 76-2296.**

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1977.

Decided July 28, 1977.

Martin J. Flynn, Washington, D. C. (Wendy S. White, Shea & Gardner, Washington, D. C., on brief), for appellants.

Kenneth A. Knutson, Chicago, Ill. (Joseph A. Rafferty, Jr., Washington, D. C., and Earl G. Dolan, Chicago, Ill., on brief), for appellee.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Lutz Alexander Prager and Marilyn S. G. Urwitz, Attys., Equal Employment Opportunity Commission, Washington, D. C., on brief as amicus curiae.

Before WINTER, BUTZNER and HALL, Circuit Judges.

PER CURIAM:

Karen Condit, a stewardess representing a class composed of herself and all others similarly situated, and Mary E. Oravec, an intervenor, appeal from an order of the district court holding that the maternity leave policy of United Air Lines, Inc., constitutes a bona fide occupational qualification under § 703(e) of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-2(e)). We affirm.

United requires that all stewardesses discontinue flying as soon as they become aware that they are pregnant. The stewardesses contend that each stewardess should be allowed to continue working as long as she can safely perform her duties.

The district court found, on conflicting expert testimony, that pregnancy could incapacitate a stewardess in ways that might threaten the safe operation of aircraft. It therefore concluded that United's policy of refusing to allow stewardesses to fly from the time they learned they were pregnant was consistent with a common carrier's duty to exercise the highest degree of care for the safety of its passengers.*

The district court's ruling that United's policy is a bona fide occupational qualification is based on findings of fact which, on the evidence presented by this record, are

---

* In the only other reported case on the subject that has been brought to our attention, the court held that a pregnant stewardess can be automatically barred from flying under the bona fide occupational qualification rationale only after the twentieth week. *In re National Airlines, Inc., Maternity Leave Practices and Flight Attendant Weight Program Litigation,* 434 F.Supp. 269 (S.D.Fla.1977).

not clearly erroneous. Fed.R.Civ.P. 52(a). Accordingly, the judgment is affirmed.

