## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al.

### v.

## DELTA AIR LINES, INC.

**Civ. A. No. 74–H–918 Consolidated with Civ. A. No. 75–H–619.**

United States District Court, S. D. Texas, Houston Division.

Nov. 8, 1977.

Edwin L. Davis, Denver Regional Office of General Counsel, EEOC, Denver, Colo., for plaintiff EEOC.

Elizabeth R. Rindskopf, Lawyer's Committee for Civil Rights, Washington, D. C., Stuart M. Nelkin, Nelkin & Nelkin, Houston, Tex., for plaintiffs Lynn T. Mauzy and Virginia F. Mann.

Sidney F. Davis, Delta Air Lines, Inc. Law Dept., Atlanta, Ga., Richard R. Brann, Baker & Botts, Houston, Tex., for defendant Delta Air Lines, Inc.

Gabrielle K. McDonald, McDonald & McDonald, Houston, Tex., for intervenor Virginia L. Curlee.

MEMORANDUM AND ORDER:

STERLING, District Judge.

This action was originally brought by the Equal Employment Opportunity Commission (EEOC) against Delta Air Lines, Inc. (Delta) under Title VII of the Civil Rights Act of 1964 seeking injunctive relief in favor of Delta's flight attendants. The

EEOC alleges that Delta's utilization of maximum weight limitations as to these employees is sexually discriminatory. This court denied the EEOC's motion for preliminary injunction and its subsequent application for voluntary dismissal of this action. Thereafter, this case was consolidated with an alleged class action, styled *Mauzy v. Delta Air Lines*, Civil Action 75–H–619, in which two female flight attendants challenged not only the weight limitations but also Delta's policy of compelling pregnant flight attendants to take an unpaid maternity leave. The EEOC has filed another action against Delta in the Northern District of Georgia which has been stayed pending the outcome of this action.

In June, 1975, the court granted leave to file a complaint in intervention by Virginia Curlee, brought as an alleged class action on behalf of Delta's past, present, and future female flight attendants, challenging Delta's maximum weight limitations. Several actions have also been filed in other districts. In *In Re Delta Air Lines, Inc. Flight Attendant Weight Standards Litigation*, Jud.Pan.Mult.Lit., 411 F.Supp. 795 (1976), the Panel of Multidistrict Litigation refused to separate the maternity leave claim from the maximum weight limitation claim in these cases and denied motions to transfer a Florida action to Texas and the Texas action to Georgia.

On August 14, 1975, another suit was filed by Curlee and Carlene Dean against Delta. This is an alleged class action which challenges the same Delta policies described above, and furthermore, contains allegations of broad-based sex discrimination in employment against the class by Delta. This case, C. A. No. 75–H–1412, is also pending in the Southern District of Texas before Judge Carl O. Bue, Jr.

In February of 1975, Delta filed a motion for summary judgment as to the weight limitation claim. The EEOC responded to such motion and filed a cross-motion for partial summary judgment. On July 22, 1975, Judge James Noel filed a Minute Entry in which he ordered counsel for both sides to submit memoranda of authority directed to the pregnancy issue. With regard to the motions for summary judgment and Judge Noel's Minute Entry, attorneys for the parties have filed a total of 16 briefs and have conducted extensive discovery. In view of recent decisions in other cases, the court is of the opinion that defendant is entitled to summary judgment on all issues. For this reason, the motion to consolidate Civil Action 75–H–1412 with Civil Action 74–H–918, the EEOC's motion to strike trial stipulation, the motion to bifurcate issues of liability and damages for purposes of trial, motion that the court take judicial notice, motion to continue and the EEOC's motion for partial summary judgment are DENIED.

■ In *Cox v. Delta Air Lines*, 14 F.E.P. 1767 (S.D.Fla.1976), *affirmed*, 553 F.2d 99 (5th Cir. 1977), the trial court granted Delta's motion for summary judgment in a suit challenging the same weight standards in dispute in the instant case. In so doing, the court stated: "under no set of facts can plaintiff recover on the legal theory she urges. This is so because weight is neither an immutable characteristic nor a constitutionally protected category." 14 F.E.P. 1767. In its summary affirmance of the District Court's decision, the Fifth Circuit cited *Willingham v. Macon Telegraph Publishing Co.*, 507 F.2d 1084 (5th Cir. 1975), in which the court held that Title VII does not apply to classifications which result from grooming requirements.

■ Plaintiffs' claims as to Delta's maternity leave policy also are now foreclosed as a result of recent court decisions. *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976); *Condit v. United Air Lines, Inc.*, 12 E.P.D. ¶ 11,195 (E.D.Va.1976), *affirmed* 558 F.2d 1176 (4th Cir. 1977); *Harriss v. Pan American World Airways, Inc.*, 437 F.Supp. 413 (N.D.Cal. 1977). In *Condit*, the Fourth Circuit affirmed the District Court's holding that the mandatory maternity leave policy of United Airlines, Inc. constitutes a bona fide occupation qualification under Section 703(e) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2(e). 558 F.2d at 1176. The District Court had found:

"United is a common carrier charged with exercising the highest degree of care for the safety of its passengers . . Flight attendants are responsible for the comfort and safety of the passengers in both calm and turbulent air—They are the sole company employees that evacuate passengers during emergencies—They must demonstrate that an aircraft can be fully evacuated in 90 seconds using only half of its exits—They work in close and cramped quarters . . .. Pregnant stewardesses are more susceptible to cramp, fatigue, back strain, nausea, and vomiting than non-pregnant stewardesses—There is also the danger of spontaneous abortion and hormonal changes in pregnant women, particularly in the early stages . . .. it is impossible to predict when and if any individual may develop one or more of [these symptoms] . . .. Taking into account the total pregnancy picture as here shown, United is justified in enforcing its mandatory maternity leave policy as a bona fide occupational qualification for the continued employment of stewardesses during their pregnancy."

12 E.P.D. ¶ 11,195, at 5500–01. The same findings and conclusions have been reached with regard to the maternity leave policies of Pan American Airlines. *Harriss v. Pan American World Airways, Inc., supra.*

■ The issue of the exclusion by the employer of pregnancy as a compensable sickness or disability, reserved in *Condit*, has now been resolved in *General Electric Co. v. Gilbert, supra*, where the Supreme Court held "[General Electric's] disability-benefits plan does not violate Title VII because of its failure to cover pregnancy-related disabilities." 429 U.S. at 145–46, 97 S.Ct. at 413. Since Delta's policy is substantially the same as that of United Airlines, and because the compensation question has now been resolved in *General Electric v. Gilbert, supra*, the court is of the opinion that plaintiffs' claims with regard to maternity leave must also fail. Therefore, it is

ORDERED, ADJUDGED and DECREED that this case should be and hereby is dismissed with prejudice as to all claims by all plaintiffs in this consolidated action.